RECEIVED
JUN 06 2003
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
JUN 0 6 2003
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. |
| Plaintiff ) | CV03-1087-A |
| v. ) | JUDGE   JUDGE DRELL |
| ROY O. MARTIN LUMBER CO., L.P., ) | MAGISTRATE JUDGE KIRK |
| and ) | MAGISTRATE |
| COLFAX TREATING CO., LLC ) | |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission"), and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Gaitano J. Milazzo, who was adversely affected by such practices. The Commission alleges that Mr. Milazzo was discharged by Colfax Treating Company, L.L.C.,



("Defendant Employer" or "Colfax") and Roy O. Martin Lumber Company, L.P., ("Defendant Employer" or "Roy O. Martin") because of his disability, Crohn's Disease.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The unlawful employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Western District of Louisiana, Alexandria Division.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, Roy O. Martin Lumber Company, L.P., has continuously been a limited partnership organized under the laws of the State of Louisiana doing business within the State of Louisiana, and the City of Alexandria and has continuously had at least 15 employees.

At all relevant times, Defendant, Colfax Treating Company, L.L.C., has continuously been a limited liability corporation organized under the laws of the State of Louisiana doing business within the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant Roy O. Martin Lumber Company, L.P., has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

At all relevant times, Defendant Colfax Treating Company, L.L.C., has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.

At all relevant times, Defendant, Roy O. Martin Lumber Company, L.P., has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

At all relevant times, Defendant, Colfax Treating Company, L.L.C., has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.

More than thirty (30) days prior to the institution of this lawsuit, Gaitano Milazzo filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant Colfax Treating Company, a subsidiary of Roy O. Martin Lumber Company, L.P. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.

Since at least March, 2001, the Defendant Employers have engaged in unlawful employment practices at their Pineville, Louisiana facility in violation of Title I of the ADA, 42 U.S.C. Section 102 of Title I of the ADA, 42 U.S.C. 12112(a). Specifically, Colfax Treating Co., and Roy O. Martin, Co., the parent company, discharged Gaitano Milazzo because of his disability, Crohn's Disease. Mr. Milazzo, is a qualified individual with a disability within the meaning of sections 3(2) and 101(8) of the ADA, 42 U.S.C. §12102(2) and §12111(8).

9.

The effect of the practices complained of in paragraph eight above has been to deprive Gaitano Milazzo of equal employment opportunities and otherwise adversely affect his status as an employee and deny him a job because of his disability.

10.

The unlawful employment practices complained of in paragraph eight above were intentional.

11.

The unlawful employment practices complained of in paragraph eight above were done with malice or with reckless indifference to the federally protected rights of Gaitano Milazzo.

12.

The unlawful employment practices complained of herein have caused Gaitano Milazzo to suffer economic injuries, including but not limited to lost wages, as well as pecuniary and non-pecuniary injuries.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, its officers, successors, assigns, and all persons in active concert or participation with them, from illegally terminating individuals because they are disabled within the meaning of the ADA and any other employment practice which discriminates on the basis of disability.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant Employers, to make whole Gaitano Milazzo by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, his rightful-place reinstatement or front pay in lieu thereof.

D. Order Defendant Employers to make whole Gaitano Milazzo by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight above, including relocation expenses, job search expenses, medical expenses not covered by the Employers' employee benefit plans in amounts to be determined at trial.

E. Order Defendant Employers to make whole Gaitano Milazzo by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph eight above, including but not limited to emotional and mental aguish, pain and suffering, humiliation, loss of enjoyment of life in amounts to be determined at trial.

F. Order Defendant Employers to pay Mr. Milazzo punitive damages for their malicious and reckless conduct, as described in paragraph eight above, in amounts to be determined at trial.

G. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission hereby requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**KEITH T. HILL**
Regional Attorney
E.D. Bar Roll No. 15200000


**DEBRA M. LAWRENCE**
Supervisory Trial Attorney
No Bar Roll Number Assigned

**MICHELLE T. BUTLER**
Supervisory Trial Attorney
La. Bar Roll No. 1286


**LILLIAN M. THORNTON**
Senior Trial Attorney
La. Bar Roll No. 25525

**ERANIA EBRON (TA)**
Senior Trial Attorney
No Bar Roll No. Assigned

                                                **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, LA  70113
Tel:   (504) 589-3844 (Hill)
        (504) 589-6942 (Butler)
        (504) 589-2086 (Thornton)
     Fax:   (504) 589-6861

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

REGISTERED AGENTS FOR
SERVICE OF PROCESS:
    Mr. Jonathan E. Martin
    Mr. Roy O. Martin, III
    2189 Memorial Drive
    Alexandria, LA 71301-3610